# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TERRANCE DAVIS, <br><br> Defendant. | Case No. 3:15-cr-00011-SLG |

## ORDER RE MOTION UNDER 28 U.S.C. § 2255

Before the Court at Docket 93 is self-represented Defendant Terrance Davis's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Government opposed the motion at Docket 115. Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

On January 28, 2015, Defendant Terrance Davis was riding in the passenger seat of a vehicle that was stopped for a moving violation by Anchorage police.[1] After initial questioning, the officer asked Mr. Davis to step out of the vehicle, at which point the officer noticed what appeared to be a gun inside a white grocery bag on the floor of the passenger side of the vehicle.[2] Because Mr. Davis had previously been convicted of a felony, he was prohibited from possessing a firearm under federal law. As a result of this incident, an indictment was filed in this Court on February 19, 2015 that charged Mr. Davis

---

[1] Docket 82 (PSR) at 7.

[2] Docket 41 (Motion to Suppress) at 2.

with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[3]

On October 13, 2015, Mr. Davis pled guilty to the charge.[4] There was no plea agreement. On February 8, 2016, Mr. Davis was sentenced to 63 months' imprisonment.[5] Mr. Davis did not directly appeal his conviction.[6] On October 24, 2016, he filed the instant motion to vacate his sentence.

## DISCUSSION

Mr. Davis asserts three grounds for vacating his sentence under 28 U.S.C. § 2255, each of which is addressed below.

1. <u>Defendant's Ground One</u>

In this ground, Mr. Davis first asserts that due to ineffective assistance of counsel, his conviction was "obtained by plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea."[7] A successful claim of ineffective assistance of counsel requires both that the representation "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[8]

---

[3] Docket 2 (Indictment).

[4] Docket 107 (Change of Plea Hr'g Tr.) at 19.

[5] Docket 91 (Judgment).

[6] Docket 93 at 2.

[7] Docket 93 at 4.

[8] *Strickland v. Washington*, 466 U.S. 668, 688, 695 (1984).

"In reviewing a claim of ineffective assistance of counsel, [this Court] must determine, first, whether the [defendant] has identified material, specific errors and omissions that fall outside the 'wide range of professionally competent assistance.'"[9] Mr. Davis has failed to identify any such material, specific errors by his attorney; accordingly, he is not entitled to relief on this basis.[10]

In ground one, Mr. Davis also asserts that the evidence was insufficient to support the conviction, "[d]ue to the fact that this was an innocent possession; one that the applicant was unaware of."[11] In this regard, Mr. Davis appears to be disputing the adequacy of the factual basis for the plea. But this assertion is directly contradicted by Mr. Davis's sworn testimony at the change of plea hearing.[12]

Mr. Davis has not shown that his plea was "unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea," as he asserts in his motion.[13] During the change of plea hearing, Mr. Davis affirmed his understanding of the nature and consequences of his decision to plead guilty

---

[9] *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (citations omitted).

[10] Docket 93 at 4. As the Government notes, Mr. Davis acknowledged during his change of plea hearing that he was "satisfied with the legal advice and representation that [he] received[.]" Docket 107 at 6.

[11] Docket 93 at 4.

[12] *See* Docket 107 at 17, 19. During his change of plea hearing, Mr. Davis confirmed twice, while testifying under oath, that he knowingly possessed the firearm, including during the following exchange:

> The Court: Did you knowingly possess the firearm?
> The Defendant: Yes, ma'am.

Docket 107 at 19.

[13] *See* Docket 93 at 4.

during the following exchange:

> THE COURT: And do you understand that the charge to which you may plead guilty is a felony offense, sir?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: And as a felon in most jurisdictions, you'd lose the right to vote, the right to serve on a jury, the right to hold public office, and the right to possess firearms. If you were not a citizen of the United States, you'd be subject to deportation from the United States. Do you understand those consequences, sir?
> THE DEFENDANT: Yes, ma'am.
> …
> THE COURT: And if you elect to plead guilty today, then there are a number of trial rights that you would give up, you wouldn't have because there would not be a trial, and I'm going to review those with you; okay? First, you'd -- if I accept your plea, then you would not have the right to -- you'd give up the right to a trial by a jury, which means that a jury would not be here, that the jury could not convict you unless everybody on the jury agreed that the Government had proven each of those three elements of this charge, and proven them beyond a reasonable doubt. You'd give up that right to have a jury have that obligation to make that determination one way or the other.
> 
> You'd also give up the right to have a lawyer at the trial with you. If you couldn't afford one, a lawyer would be appointed for you at the trial. You'd give up the right at trial to see and hear all of the Government's witnesses, to cross examine them, have your lawyer ask them questions.
> 
> You give up the right to have your own witnesses. We can get subpoenas from the court to compel the people to come to court on your behalf.
> 
> You'd also give up a right to testify at trial. And you'd have a right not to testify, and then the jury would be instructed they couldn't hold that fact against you. By pleading guilty, you give up all those rights that you'd otherwise have at trial. Do you understand that?
> THE DEFENDANT: Yes, ma'am.[14]

Mr. Davis also stated under oath that his decision to plead guilty was voluntary

during the following exchange:

> THE COURT: And has anybody promised or guaranteed you anything to get you to court and change your plea?
> THE DEFENDANT: No, ma'am.
> THE COURT: And has anyone threatened you or otherwise forced you to enter a guilty plea?

---

[14] Docket 107 at 9, 11–12.

>           THE DEFENDANT: No, ma'am.
>           THE COURT: All right. So is it a voluntary act on your part, sir?
>           THE DEFENDANT: Yes, ma'am.[15]

As a result, Mr. Davis cannot show that his guilty plea was not voluntarily. Accordingly, ground one is denied.

   2. Defendant's Ground Two

Mr. Davis asserts that his conviction was "obtained by coerced confession." Mr. Davis states:

> When the applicant accepted this plea he was under the guise that he would get more time if he went to trial under the circumstances according t[o] his attorney as counsel. Counsel advised that it would be hard to beat plain view. But the bag was not in plain view. And I was unaware of the bag contents.[16]

Mr. Davis appears to be contending that the handgun was improperly seized because the plain view doctrine should not have been applied. However, this issue was previously settled by this Court. At Docket 41, Mr. Davis filed a Motion to Suppress, asserting that the handgun was not properly seized under the plain view doctrine and therefore was inadmissible evidence under the Fourth Amendment. The Magistrate Judge disagreed with Mr. Davis and issued a Final Report and Recommendation, which reasoned that the plain view doctrine applied to the handgun.[17] This Court adopted that Final Report and Recommendation, and denied the Motion to Suppress.[18] Mr. Davis did not appeal that determination and acknowledged that by pleading guilty he was effectively giving up that

---

[15] Docket 107 at 13–14.

[16] Docket 93 at 5.

[17] Docket 62 (Final R & R).

[18] Docket 71 (Minute Order).

right.[19]  His current statement that he was "unaware of the bag contents" is at odds with his sworn statement at the change of plea hearing.[20]

Furthermore, there is no indication that Mr. Davis was not properly advised by counsel.[21]  Based on his testimony at the change of plea hearing, Mr. Davis understood the elements that the Government would have been required to prove at trial.[22]  He stated on the record that his guilty plea was voluntary and that he was satisfied with the legal advice and representation that he had received.  As described above, he was given a full advisement of his rights and indicated that he understood them.[23]  Therefore, his guilty plea was voluntary and intelligent and he has not shown that he was not properly advised by counsel.

3. Defendant's Ground Three

Finally, Mr. Davis asserts that he was denied effective assistance of counsel because "[t]he evidence was insufficient because [he] did not knowingly constructively

---

[19] Docket 107 at 12 (THE COURT:  And there's also, I recall in your case, there was the ruling on the suppression issue of where the gun was found in the car.  And you would give up any right to appeal that decision if you elect to plead guilty.  Do you understand that?  THE DEFENDANT: Yes, ma'am.); *see U.S. v. Butts*, 406 Fed. App'x 217, 219 (9th Cir. 2010) (denying defendant's challenge to previous denial of motion to suppress when he "knowingly and intelligently entered into an unconditional guilty plea and did not reserve in writing the right to appeal the denial of the motion to suppress").

[20] *See supra* note 12.

[21] The Government argues that "Defense counsel provided accurate advice regarding the change of plea," as evidenced by the fact that Mr. Davis's sentence was at the low end of the Guidelines range and because Mr. Davis received an adjustment for acceptance of responsibility in the Court's Guideline calculations.  Docket 115 at 6.

[22] Docket 107 at 5.

[23] Docket 107 at 11–14.

possess a firearm that was in the vehicle that he was a passenger in."[24] However, as discussed above, Mr. Davis repeatedly testified that he knowingly possessed the firearm.[25] Therefore, Mr. Davis is not entitled to relief on this basis.

## CONCLUSION

In light of the foregoing, Mr. Davis's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody at Docket 93 is DENIED. The Clerk of Court is directed to enter a final judgment accordingly.

The Court finds that Mr. Davis has not "made a substantial showing of the denial of a constitutional right."[26] Therefore, IT IS FURTHER ORDERED that a Certificate of Appealability shall not be issued by this Court.

DATED this 18th day of December, 2017.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[24] Docket 93 at 7.

[25] *See supra* note12 and accompanying text.

[26] 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (A certificate of appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (Internal quotation marks and citations omitted)). After review of Mr. Davis's contentions, this Court concludes that reasonable jurists could not debate whether the petition should have been resolved in a different manner.